**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR ALCARAZ-ENRIQUEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-71553 Agency No. A 75-191-250 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2018
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and NYE**, District Judge.

Petitioner Cesar Alcaraz-Enriquez ("Alcaraz"), a native and citizen of

Mexico, petitions for review of the order of the Board of Immigration Appeals

("BIA"), which denied his applications for withholding of removal and deferral of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable David Nye, District Judge for the U.S. District Court for the District of Idaho, sitting by designation.

1

removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition as to his claim for withholding of removal only and remand to the BIA for reconsideration of that claim.[1]

1. We have jurisdiction to consider Alcaraz's petition. Although we lack jurisdiction "to evaluate discretionary decisions by the Attorney General," 8 U.S.C. § 1252(a)(2)(B)(ii), we retain jurisdiction to review "questions of law raised upon a petition for review," § 1252(a)(2)(D). *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). The specific question here—whether the BIA relied on improper evidence in reaching its determination—is a "question of law" that this court has jurisdiction to review. *Id.* We review legal questions de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

2. The BIA erred when it concluded that Alcaraz was convicted of a "particularly serious crime" and thus barred from seeking withholding of removal. The BIA's "particularly serious crime" determination was based, at least in part, on a probation report, which directly contradicts Alcaraz's testimony. This was error for two reasons.

First, we have repeatedly held that "[w]here the BIA does not make an explicit adverse credibility finding, [the court] must assume that [the petitioner's] factual contentions are true." *Anaya-Ortiz*, 594 F.3d at 679 (quoting *Navas v. INS*,

---

[1] In light of this disposition, Petitioner's motion to stay removal is granted.

217 F.3d 646, 652 n.3 (9th Cir. 2000)); *see also Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding."). Here, the BIA erred when it credited the probation report over Alcaraz's testimony without making an explicit adverse credibility finding as to Alcaraz.

Second, Congress has specifically provided that an alien in removal proceedings must be given "a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government . . . ." 8 U.S.C. § 1229a(b)(4)(B); *see, e.g., Saidane v. INS*, 129 F.3d 1063, 1066 (9th Cir. 1997) (holding that petitioner was denied due process in a deportation proceeding when the government "did not make a good faith effort to afford the alien a reasonable opportunity to confront and to cross-examine the witness against him"). Here, Alcaraz was never given any sort of opportunity to cross-examine the witnesses whose testimony was embodied in the probation report, and upon which testimony the BIA ultimately relied in denying his petition. The BIA's failure to give Alcaraz an opportunity to confront such witnesses against him was error.

3. Alcaraz's petition as to his application for deferral of removal under CAT fails. As the Immigration Judge[2] ("IJ") observed, although Alcaraz "has shown that he had been subjected to past harm by the police," he failed to show that "the harm he suffered is tantamount to torture." *See In re J-E-*, 23 I. & N. Dec. 291, 298 (BIA 2002) (finding that because "the act must be *specifically intended* to inflict severe physical or mental pain or suffering," certain "rough and deplorable treatment, such as police brutality, does *not* amount to torture"). Alcaraz failed to prove that the BIA's finding that he suffered only from police mistreatment, and not "torture," was unsupported by substantial evidence.

For the foregoing reasons, we grant the petition as to Alcaraz's claim for withholding of removal and remand to the BIA. However, we deny his petition for deferral of removal under CAT.

Each party shall bear their own costs.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART; REMANDED.**

---

[2] Where the BIA adopts and affirms an IJ's decision with further reasoning, this court reviews both the decision of the IJ and the BIA. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).